IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RODDY PIPPIN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-316 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

### REPORT AND RECOMMENDATION

Before the Court is the request of Plaintiff, Roddy Pippin, for a preliminary injunction. Following two Evidentiary Hearings the Court now issues this Report and Recommendation to the District Court.

Despite the size of the record, the relevant factual dispute can be briefly stated. Pippin is currently serving an 8 year prison term. He suffers from a rare, potentially deadly, form of diabetes which, he claims, the prison medical staff members are not properly treating and are thereby endangering his life. As a result, Pippin seeks a preliminary injunction in the form of a Order releasing him from prison or, in the alternative, an Order that he be placed in a prison regional medical facility for better care. The Defendants, on the other hand, claim that Pippin is purposefully manipulating his condition to create the appearance of improper medical care and that, if he would cooperate with the medical staff, he is currently housed in the best prison facility for proper medical treatment.

After a careful review of the testimony, the pleadings and the arguments of counsel and after an exhaustive review of the submitted exhibits, this Court finds that, for purposes of Pippin's request for injunctive relief, the truth appears to be somewhere in between the parties' polar positions. This Court believes Pippin is, in fact, playing the system and, as a result, sometimes facing retaliatory treatment. This Court also believes that, as Dr. Owen Murray opined, given Pippin's condition and needs he is at an adequate prison medical facility.

Based on those findings, it is the opinion of this Court that a Preliminary Injunction should be denied for the mere fact that Pippins's contributory conduct undercuts his ability to presently show a substantial likelihood of success on the merits of his complaint, an essential element of a claim for injunctive relief.  <u>Doran v. Salem Inn, Inc.</u>, 422 U.S. 922, 931 (1975)    At trial Pippin may well establish a submissible case and may even prevail in this litigation; however, it is the **RECOMMENDATION** of this Court that his pre-trial request for a preliminary injunction (Instrument no. 2) be **DENIED**.

Given the possible risks to Pippin's health, it is the further **RECOMMENDATION** of this Court that a preferential trial date **SHOULD BE** set in the near future to reach and rule on the merits of Pippin's complaint.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **December 22, 2006**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  <u>The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas  77553</u>.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file objections within the prescribed time shall bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____4th_____ day of December,  2006.

_____
John R. Froeschner
United States Magistrate Judge

2